```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ALLYN R. MICHALEK,                       :
                       Plaintiff,        :   COMPLAINT
                                             11-CV-0508
            - against -                  :
                                             JURY TRIAL DEMANDED
AMPLIFY SPORTS AND ENTERTAINMENT, LLC    :

                       Defendant.        :
----------------------------------------X
```

Plaintiff, by his attorney, Raymond Nardo, Esq., as and for his complaint herein, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for the nonpayment of wages and commissions by defendant, pursuant to Article 6 of the New York State Labor Law and the contract laws of the State of New York for breach of contract and the covenants of good faith and fair dealing.

## JURISDICTION

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1), as the plaintiff, ALLYN R. MICHALEK, is a citizen of, and domiciled within the State of Connecticut, the defendant, AMPLIFY SPORTS AND ENTERTAINMENT, LLC, has its primary place of business within the State of New York and is not organized in the State of Connecticut, and the amount in controversy between the parties exceeds $75,000.

3. Personal jurisdiction over the defendant AMPLIFY SPORTS AND ENTERTAINMENT, LLC is proper in the State of New York pursuant to CPLR 301 and 302, because the defendant conducted business within the State, and the cause of action arose therein.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because defendant AMPLIFY SPORTS AND ENTERTAINMENT, LLC conducts business within the district and the cause of action arose therein.

## PARTIES

5. Plaintiff repeats, realleges, and reincorporates each allegation as though fully set forth herein.

6. Plaintiff, ALLYN R. MICHALEK, resides at 116 Mayapple Road, Stamford, Connecticut.

7. Plaintiff, in his employment as commissioned salesperson with Defendant, held the job title of "Vice President, Sales."

8. Defendant maintains its primary place of business at 1212 Avenue of the Americas, New York, New York.

9. Defendant conducts business in the State of New York, County of New York, within the Southern District of New York.

10. Defendant conducts business primarily as a marketing consultant.

11. Defendant is an "Employer" as that term is defined in § 190(3) of the New York State Labor Law.

## BACKGROUND

12. Plaintiff repeats, realleges, and reincorporates each allegation as though fully set forth herein.

13. On or about July 9, 2007, plaintiff commenced employment as an employee of Defendant in the capacity of a commissioned salesperson with the title "Vice President, Sales".

14. Plaintiff and defendant executed an Employment Agreement.

15. Plaintiff resigned his employment with Defendant on or about August 13, 2010.

16. Plaintiff's wages consisted of an annual salary and commission.

17. Defendant, starting in 2010, moved from an annual commission

payment schedule to a quarterly payment schedule.

## AS AND FOR A FIRST CAUSE OF ACTION

18. Plaintiff repeats, realleges, and reincorporates each allegation as though fully set forth herein.

19. Plaintiff's annual salary in the year 2009 was approximately $110,000.00.

20. In 2009, Defendant deferred a portion of Plaintiff's salary.

21. Defendant subsequently refused to pay Plaintiff's 2009 salary in full, and is in arrears for approximately $23,444.45 in salary.

22. Plaintiff has made repeated demands for the full payment of his 2009 salary.

23. Plaintiff's annual salary in the year 2010, pro-rated to the date of his resignation, is approximately $68,750.00.

24. Defendant has partially compensated Plaintiff his 2010 wages, but refuses to pay approximately $6,250.00 in 2010 wages still outstanding to Plaintiff.

25. Plaintiff has made repeated demands for the full payment of

his 2010 salary.

26. Defendant has willfully and intentionally refused Plaintiff's demands for full payment of his salary for the years 2009 and 2010, in violation of the Employment Agreement executed between the parties.

27. Plaintiff was contractually entitled to receive commissions from the remittances of sales and/or leases, and did receive such commissions, while employed by Defendant.

28. Plaintiff, in 2009, earned commissions from Defendant.

29. Defendant has refused to provide a full accounting of the 2009 commissions Plaintiff earned.

30. Plaintiff estimates he is due approximately $29,600.00 in commissions.

31. Plaintiff has made repeated demands to Defendant for payment of the 2009 commissions still outstanding.

32. Defendant has willfully and intentionally refused Plaintiff's demands, and has not paid Plaintiff the commissions due.

33. Plaintiff, in 2010, earned commissions from Defendant.

34. Defendant has refused to provide a full accounting of the 2010 commissions Plaintiff earned.

35. Plaintiff estimates he is due approximately $19,339.21 in commissions.

36. Plaintiff has made repeated demands to Defendant for payment of the 2010 commissions still outstanding.

37. Defendant has willfully and intentionally refused Plaintiff's demands, and has not paid Plaintiff the commissions due.

38. By failing to pay the commissions, Defendant breached its contract with Plaintiff, thereby causing damage to Plaintiff.

39. In addition, Plaintiff incurred approximately $1,912.27 in expenses in 2010 on behalf of Defendant, of which he is entitled to full reimbursement.

40. Plaintiff demanded payment of these unreimbursed expenses, but defendant has refused to reimburse Plaintiff.

41. Plaintiff demands full payment of all wages, commissions, and unreimbursed expenses, plus interest, and costs.

### AS AND FOR A SECOND CAUSE OF ACTION

42. Plaintiff repeats, realleges, and reincorporates each allegation as though fully set forth herein.

43. Pursuant to § 190 of the New York State Labor Law, the unpaid salary and commissions are "wages" due Plaintiff.

44. The unpaid commissions are a "commission" as defined by § 191-a of the New York State Labor Law.

45. Defendant violated Article 6 of the New York State Labor Law by willfully and intentionally refusing to pay Plaintiff the wages and commissions, as set forth above, causing damage to Plaintiff.

46. Pursuant to New York State Labor Law § 198(1-a), Plaintiff is entitled liquidated damages of 25% for all unpaid wages.

47. Plaintiff demands full payment of all wages and commissions, plus liquidated damages, interest, attorney's fees, and costs.

## AS AND FOR A THIRD CAUSE OF ACTION

48. Plaintiff repeats, realleges, and reincorporates each allegation as though fully set forth herein.

49. Plaintiff was owed his commissions within five business days after his employment ended, under § 191-c(3) of the Labor Law.

50. By failing to pay earned commissions, defendant is liable for double damages under § 191-c(3).

51. Defendant violated Article 6 of the New York State Labor Law by willfully and intentionally refusing to pay Plaintiff the commissions, as set forth above, causing damage to Plaintiff.

52. Plaintiff demands full payment of all commissions, plus double damages, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff demands judgment against the Defendant AMPLIFY SPORTS AND ENTERTAINMENT, LLC as follows:

    (a) $80,545.93 in wages, commissions, and unreimbursed expenses originally due to Plaintiff, plus pre-judgment and post-judgment interest, and disbursments, as set forth in the first cause of action;

    (b)  $78,633.66 in wages and commissions originally due to Plaintiff, plus pre-judgment and post-judgment interest, and disbursments, and attorneys fees, and liquidated damages of 25%, of as set forth in the second cause of action;

    (c) $48,939.21 in commissions originally due to Plaintiff,

plus pre-judgment and post-judgment interest, and disbursments, and attorneys fees, plus double damages, of as set forth in the third cause of action;

    (d) Punitive damages for Defendant's malice and reckless indifference to Plaintiff's rights, in an amount to be determined at trial, plus prejudgment interest, costs, disbursements, and other relief as the court shall deem fair, proper, and equitable.

Dated:    January 12, 2011
             Mineola, NY

                                              _____
                                              Raymond Nardo
                                              Attorney for Plaintiff
                                              129 Third Street
                                              Mineola, NY 11501
                                              (516)248-2121

LAW OFFICE OF
RAYMOND NARDO