UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLYN R. MICHALEK,

                Plaintiff,

    - against -

AMPLIFY SPORTS AND
ENTERTAINMENT LLC,

              Defendant.

**<u>MEMORANDUM
OPINION & ORDER</u>**

11 Civ. 508 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this breach of contract and New York State Labor Law action, Plaintiff Allyn R. Michalek claims that Defendant Amplify Sports and Entertainment, LLC ("Amplify") improperly refused to pay him wages, commissions, and expenses owed.  (Cmplt. ¶¶ 4–8)  Michalek now moves, pursuant to Federal Rule of Civil Procedure 15, for leave to amend the Complaint to add Michael Kempner, President and Chairman of Amplify, as a defendant.  (See Not. of Mot. (Dkt. No. 14); Nardo Decl., Exh. 1 ("Proposed Am. Cmplt.") ¶ 14)  For the reasons stated below, Michalek's motion will be granted.

## <u>BACKGROUND</u>

        Michalek, a Connecticut resident, worked for Amplify, a New York corporation that provides marketing consultation services, as Vice President of Sales from July 9, 2007 until his resignation on August 13, 2010.  (Cmplt. ¶¶ 10, 13–15)  Michalek's employment at Amplify was governed by an Employment Agreement that provided for both an annual salary and commissions.  (Cmplt. ¶¶ 14, 16)  Michalek argues that Amplify owes him (1) $29,694.45 in salary for 2009 and 2010, (2) approximately $48,939.21 for commissions earned in 2009 and 2010, and (3) $1,912.27 in expenses.  (Cmplt. ¶¶ 18–40)

Michalek filed this action on January 25, 2011.  (Dkt. No. 1)  On May 24, 2011, Amplify filed an answer and counterclaims for breach of contract and unjust enrichment.  (Dkt. No. 6)  Michalek answered those counterclaims on June 2, 2011. (Dkt. No. 7)  On August 4, 2011, Michalek filed an Amended Complaint without leave of court. (Dkt. No. 9)  On August 25, 2011, this Court struck the Amended Complaint, and set a briefing schedule for a motion to amend.  (Dkt. No. 12)  On November 18, 2011, Michalek filed the instant motion to amend the Complaint to add Kempner, who lives in New Jersey, as a defendant.[1]  (Dkt. No. 14)

## DISCUSSION

## I.   LEGAL STANDARD

"Rule 15(a) generally governs the amendment of complaints, but in the case of proposed amendments where new defendants are to be added, Rule 21 governs." Momentum Luggage & Leisure Bags v. Jansport, No. 00 Civ. 7909(DLC), 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001). See Sheldon v. PHH Corp., No. 96 Civ. 1666(LAK), 1997 WL 91280, at *3 (S.D.N.Y. Mar. 4, 1997) ("[A] broad reading of Rule 15 would permit amendments for any purpose, including changes of parties. . . . Nevertheless, the preferred method is to consider such motions under Fed. R. Civ P. 21, which specifically allows for the addition and elimination of parties."). Rule 21 provides that a party may be added to an action "at any time, on just terms." Fed. R. Civ. P. 21.  Under Rule 21, "courts must consider judicial economy and their ability to manage each particular case, as well as how the amendment would affect the use of judicial resources, the impact the amendment would have on the judicial system, and the impact the

---

[1]  In his moving papers, Michalek sought to name Kempner as a defendant in the Proposed Amended Complaint's Second Cause of Action, brought under Labor Law Sections 190, 191-a, and 198(1-a), and in the Third Cause of Action, brought under Labor Law Section 191-c.  (See Proposed Am. Cmplt. ¶¶ 53, 57-58)  In his reply papers, Michalek withdraws the Third Cause of Action.  (Pltf. Reply Br. 2)  Accordingly, this Order considers only the proposed Second Cause of Action.

amendment would have on each of the parties already named in the action." <u>Momentum Luggage</u>, 2001 WL 58000, at *2; <u>Sly Magazine, LLC v. Weider Publ'ns LLC</u>, 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (same) (quoting <u>Momentum Luggage</u>, 2001 WL 58000, at *2). In deciding whether to permit joinder, this Court "is guided by 'the same standard of liberality afforded to motions to amend pleadings under Rule 15.'" <u>Momentum Luggage</u>, 2001 WL 58000, at *2 (quoting <u>Soler v. G & U, Inc.</u>, 86 F.R.D. 524, 527-28 (S.D.N.Y.1980) (internal quotation omitted)); <u>FTD Corp. v. Banker's Trust Co.</u>, 954 F.Supp. 106, 109 (S.D.N.Y.1997) ("Although Rule 21, and not Rule 15(a), normally governs the addition of new parties to an action, 'the same standard of liberality' applies under either Rule.") (quoting <u>Fair Housing Dev. Fund Corp. v. Burke</u>, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)).

Where, as here, amendment requires leave of court, Rule 15(a)(2) directs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330 (1971) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182, (1962)). "The Second Circuit has held that a Rule 15(a) motion 'should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" <u>Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.</u>, 404 F.3d 566, 603-04 (2d Cir. 2005) (quoting <u>Richardson Greenshields Secs., Inc. v. Lau</u>, 825 F.2d 647, 653 n. 6 (2d Cir. 1987)). <u>See Ruotolo v. City of New York</u>, 514 F.3d 184, 191 (2d Cir. 2008) (citing 6 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 1487 (2d ed.1990)) (suggesting that prejudice to the opposing party is "'the most important factor'" and "'the most frequent reason for denying leave to amend'"). <u>See also Foman</u>, 371 U.S. at 182 ("In the absence of any apparent or declared

3

reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought

should, as the rules require, be 'freely given.'").

"The rule in this Circuit has been to allow a party to amend its pleadings in the

absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs.,

988 F.2d 344, 350 (2d Cir. 1993).  See State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856

(2d Cir. 1981) ( "Mere delay, . . . absent a showing of bad faith or undue prejudice, does not

provide a basis for the district court to deny the right to amend.").  "However, 'the longer the

period of an unexplained delay, the less will be required of the nonmoving party in terms of a

showing of prejudice.'" Block, 988 F.2d at 350 (quoting Evans v. Syracuse City Sch. Dist., 704

F.2d 44, 47 (2d Cir.1983)).

## II.    LEGAL ANALYSIS

Defendant Amplify argues that the proposed Second Cause of Action fails to state

a claim, and that amendment should be denied on futility grounds.  (Def. Opp. Br. at 3-6)

### A.     Whether the Proposed Amendment is Futile

The Second Circuit has instructed that, when determining whether a proposed

amendment would be futile,

> the proper inquiry is comparable to that required upon a motion to dismiss
> pursuant to Fed.R.Civ.P. 12(b)(6)."  Rotblut v. 333 E. 66th St. Corp., 1996 WL
> 586353, *1 (S.D.N.Y.); see also Health-Chem Corp. v. Baker, 915 F.2d 805, 810
> (2d Cir. 1990) ("Although Fed.R.Civ.P. 15(a) provides that leave to amend should
> be given freely when justice so requires, where, as here, there is no merit in the
> proposed amendments, leave to amend should be denied."); S.S. Silberblatt, Inc. v.
> East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir. 1979) ("A trial court does not
> abuse its discretion in denying leave to amend a complaint which even as amended

4

would fail to state a cause of action.") (citation omitted); <u>Bank of New York v. Sasson</u>, 786 F.Supp. 349, 352 (S.D.N.Y. 1992) (If "the claims would be subject to dismissal under Fed.R.Civ.P. 12(b)(6), the court should refuse to grant leave to amend rather than assent and then await a motion to dismiss.").  That is, the court must accept the facts alleged by the party seeking to amend as true and construe them in the light most favorable to that party.

<u>Aetna</u>, 404 F.3d at 604.

### 1.     Michalek Has Pled Sufficient Facts to Demonstrate that Klempner is an Employer Under Labor Law Section 190

Labor Law Section 190(3) defines an "employer" to "include [ ] any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business, or service."  N.Y. Lab. Law §190(3).  In determining whether a person is an "employer" for purposes of the Labor Law, courts use an "economic reality" test similar to that used under the Fair Labor Standards Act ("FLSA").  <u>See</u> <u>Lauria v. Heffernan</u>, 607 F. Supp. 2d 403, 409 (E.D.N.Y. 2008); <u>Malinowski v. Wall St. Source, Inc.</u>, No. 09 Civ. 9592 (PAE), 2012 WL 279450, at * 2 n 4 (S.D.N.Y. Jan. 31, 2012)  Under the "economic reality" test, courts consider whether the alleged employer "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records."  <u>Herman v. RSR Sec. Servs. Ltd.</u>, 172 F.3d 132, 139 (2d Cir. 1999).

Michalek alleges that Kempner "was the President and Chairman of Amplify," "had the authority to hire and fire employees for Amplify," "had the authority to supervise employees for Amplify," "controlled employees' schedules for Amplify," and "determined the rate and method of payment for employees of Amplify."  (Proposed Am. Cmplt. ¶¶ 14–18) Courts have found such allegations sufficient to plead that an individual is an "employer" within the meaning of the Labor Law.  <u>See</u>, <u>e.g.</u>, <u>Hernandez v. Habana Room, Inc.</u>, No. 11 Civ.

1264(RMB)(JCF), 2012 WL 423355, at *3 (S.D.N.Y.  Feb. 9, 2012) (granting leave to add

individual owners as defendants because the pleadings were sufficient to support a claim that the

proposed defendants were "employers" under the FLSA and New York Labor Law).  "Whether

the plaintiff will ultimately be able to prove these allegations and establish that the individual

defendant[] here had sufficient operational control to be considered [an] 'employer[]' under the .

. . New York Labor Law is a matter to be determined on summary judgment or at trial."  Id.

### 2.   Michalek's Second Cause of Action States a Claim

"Article 6 of the New York Labor Law regulates the payment of wages by

employers to employees."  Beng Soon Lim v. Harvest Intern. Realty, Inc., No. 08–CV–3505

(DRH)(WDW), 2009 WL 4110382, at * 4 (E.D.N.Y. Nov. 23, 2009) (citing Patcher v. Bernard

Hodes Group, Inc., 10 N.Y.3d 609, 614 (2008)).  "To state a claim under Article 6, defendants

must allege that their wages were withheld in violation of one of the substantive provisions of the

Labor Law."  Fin. Techs. Int'l, Inc. v. Smith, 247 F.Supp.2d 397, 412 (S.D.N.Y. 2002) (citing

Alter v. Bogoricin, No. 97 Civ. 662(MBM), 1997 WL 691332, at *13 (S.D.N.Y. Nov. 6, 1997);

see also Malinowski, 2012 WL 279450.  Amplify argues that leave to amend should be denied

because Michalek's proposed Second Cause of Action does not cite to a substantive provision of

the Labor Law but instead to Labor Law Section 198(1-a) – a remedies provision.  (Def. Opp.

Br. 3.)  Amplify notes that Section 198 "does not stand alone.  It sets forth the remedies available

in 'actions for wage claims founded on the substantive provisions of Labor Law article 6.'"

Alter, 1997 WL 691332, at *13 (quoting Gottlieb v. Kenneth D. Laub & Co., 82 N.Y.2d 457,

464 (1993)).

Michalek concedes in his Reply (Pltf. Reply Br. 2) that he erred in citing to an

inapplicable provision of the Labor Law – § 191-a – which addresses commissions earned by

sales representatives.  <u>See</u> NYLL § 191-a(a).  Michalek argues that he is entitled to commissions as a "commission salesman" under Labor Law Section 190(6).  Michalek also cites <u>Derven v. PH Consulting, Inc.</u>, 427 F.Supp.2d 360, 369 (S.D.N.Y. 2006) for the proposition that "salaried employees who receive commissions are protected under § 191(1)(c)."  Labor Law Section 191(1)(c) provides that "[e]very employer shall pay wages in accordance with the following provisions: . . . Commission salespersons. – A commission salesperson shall be paid the wages, salary, drawing account, commissions and all other monies earned or payable in accordance with the agreed terms of employment. . . ."  N.Y. Lab. Law § 191(1)(c).  Michalek will be permitted to assert as his Second Cause of Action in an Amended Complaint a claim that Defendants violated Labor Law Section 191(1)(c).

Amplify argues, however, that Section 191(1)(c) does not state an "independent cause of action aside from breach of contract," and therefore Michalek is not entitled to statutory damages and penalties under Section 198 (1-a).  (Def. Opp. Br. 6)  Defendants cite to <u>Tierney v. Capricorn Investors, L.P.</u>, 189 A.D.2d 629 (1st Dep't 1993), but <u>Tierney</u> does not support their argument.

In <u>Tierney</u>, the court held that a "plaintiff cannot assert a statutory claim for wages under the Labor Law if he has no enforceable contract right to those wages."  189 A.D.2d at 632.  The court found that Tierney's cause of action for breach of contract should have been dismissed because the additional compensation he sought – allegedly promised in an oral agreement – was not provided for in his written employment agreement.  <u>Id.</u> at 630-31.  The Appellate Division further held that the trial court should have dismissed Tierney's New York Labor Law § 190 claim, because "plaintiff cannot assert a statutory claim for wages under the Labor Law if he has no enforceable contractual right to those wages."  <u>Id.</u> at 632.

Here, unlike in <u>Tierney</u>, Michalek alleges that he is entitled to the salary and commission payments he seeks under his written employment agreement.  <u>See</u> Proposed Amended Cmplt. ¶¶ 22, 24, 34-46; Nardo Rep. Decl. (Dkt. No. 19) Exh. 1) ("Your annual salary will be $100,000. . . . [Y]ou are eligible to receive commission at a rate of. . . .").

New York's "long-standing policy against the forfeiture of earned wages  . . . applies to earned, uncollected commissions as well."  <u>Arbeeny v. Kennedy Exec. Search, Inc.</u>, 71 A.D.3d 177, 182 (1st Dep't 2010).  Furthermore, "[t]he law is clear that 'an employer and employee can agree about the point in time when a commission becomes earned and, therefore, a wage.'"  <u>Dreyfuss v. Etelecare Global Solutions-US, Inc.</u>, No. 08 Civ. 1115 (RJS), 2010 WL 4058143, at * 5 (S.D.N.Y. Sept. 30, 2010) (citing <u>Chenensky v. N.Y. Life Insurance Co.</u>, No. 07 Civ. 11504(WHP), 2009 WL 4975237, at *8 (S.D.N.Y. Dec. 22, 2009)  "If an employer wrongfully withholds earned wages, an employee may sue to recover the wages, as well as (1) prejudgment interest; (2) reasonable attorney's fees; (3) costs of the suit; and (4) liquidated damages of 25% of the withheld wages, if the employer willfully withheld the wages."  <u>Id.</u> (citing  N.Y. Lab. Law § 198(1-a); N.Y. C.P.L.R. § 5001(a) (McKinney 2010));  <u>Pashaian v. Eccelston Props., Ltd.</u>, No. 92 Civ. 5487(JSM), 1993 WL 322835, at *2 (S.D.N.Y. Aug. 16, 1993) ("The purpose of these requirements is to ensure timely payment of commissions earned, and to grant greater than ordinary protection to an employee's right to wages.")  (citations omitted).

Because Michalek has sufficiently pled that he has a contract right to the payments he seeks and that his employers "willfully" withheld those wages, he has stated a cause of action for statutory damages under §198 (1-a).

**B.**     <u>**Whether the Proposed Amendment Would Unduly Prejudice the Defendants**</u>

"In determining what constitutes 'prejudice'" for purposes of a motion to amend,

courts in this Circuit "consider whether the assertion of the new claim would:  (i) require the

opponent to expend significant additional resources to conduct discovery and prepare for trial;

(ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a

timely action in another jurisdiction."  <u>Block</u>, 988 F.2d at 350.  "This analysis requires an

assessment of 'not only the amount of time that passed before the movant sought to amend, but

also the reasons for that delay and its practical impact on the other side's legitimate interests,

including both that party's ability to respond to new claims or defenses and any other prejudice

flowing from a delay in the final adjudication of the case.'"  <u>Sly Magazine</u>, 241 F.R.D. at 532

(quoting <u>Credit Suisse First Boston LLC v. Coeur d'Alene Mines Corp.</u>, No. 03 Civ. 9547(PKL)

(MHD), 2004 WL 2903772, at *3 (S.D.N.Y. Dec. 15, 2004)).

Here, Michalek asserts that Defendants would suffer no prejudice from the

proposed amendment, because discovery began on August 24, 2011 (Pltf. Br. 3), only one month

before Plaintiff served his motion to amend on Defendant (Dkt. No. 12).  Amplify does not argue

that it would suffer prejudice from the proposed amendment.

The Court concludes that Defendants will not suffer undue prejudice from the

proposed amendment.  Defendants received early notice of Plaintiff's proposed amendment.

While the discovery deadline has since passed, "where the proposed amendment arises from the

same set of operative facts as the original claims, or from events closely related to those

originally pleaded," "the mere fact that discovery has concluded does not provide a reason for

denying leave to amend."  <u>Kreinik v. Showbran Photo, Inc.</u>, No. 02 Civ. 1172(RMB)(DF), 2003

WL 22339268, at *10 (S.D.N.Y. Oct. 14, 2003)  Here, the new claim against Kempner does not

"raise factual claims unrelated to the events in [the] original [] complaint." A.V. by Versace,
Inc. v. Gianni Versace S.p.A., 87 F.Supp.2d 281, 299 (S.D.N.Y. 2000). Indeed, the claim against
Kempner is closely related to and fully consistent with the claim against Amplify. The Court
finds that there was no significant delay on Michalek's part in seeking the proposed amendment
and that the addition of Kempner as a defendant will not cause Defendants to expend significant
additional resources to conduct discovery and prepare for trial.

## CONCLUSION

For the reasons stated above, Michalek's motion for leave to amend the
Complaint is GRANTED. Michalek is directed to serve and file a revised Amended Complaint
by June 26, 2012.

The Clerk of the Court is directed to terminate the motion (Dkt. No. 14).

Dated: New York, New York
June 20, 2012

SO ORDERED.

Paul G. Gardephe
United States District Judge

10